```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**FREDDY S. CAMPBELL,**

       Plaintiff

v.                                    Civil Action No. 2:05-cv-956

**UNITED STATES OF AMERICA,**
**CARTER COUNTY DETENTION CENTER,**
**and WEST VIRGINIA REGIONAL JAIL AND**
**CORRECTIONAL FACILITY AUTHORITY,**

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are two motions to dismiss, the first filed by the United States of America on February 10, 2009, and the second filed by the West Virginia Regional Jail and Correctional Facility Authority ("the Authority") on February 16, 2009. The plaintiff filed no response to either motion, and the time for responding has expired.

I. Background

This action is one for money damages arising under the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983. (3d Am. Compl. ¶ 1, wherefore clause). The plaintiff alleges that on June 19, 2005, while he was a pretrial detainee incarcerated at

the Carter County Detention Center in Kentucky, he sustained a knee injury when he fell from the top bunk in his cell. (Id. at ¶¶ 9-10). The following day, he sustained further injury to his knee, broke his finger, and injured his head while he was being transported to the federal courthouse for a hearing when the transporting officer slammed on the brakes of his vehicle, throwing the plaintiff and other inmates to the floor of the vehicle. (Id. at ¶¶ 11-12).

Thereafter, the plaintiff made daily requests for medical attention for his injuries but was provided no care at either the Carter County Detention Center or the Southern Central Regional Jail in West Virginia, where he was later transferred. (Id. at ¶ 13). The plaintiff notified the office of the United States Marshals Service for the Southern District of West Virginia of his need for medical attention by letter dated September 5, 2005. (Id. at ¶ 14). The plaintiff was not permitted to see a physician until October 11, 2005. (Id. at ¶ 15). Examination of the plaintiff's knee revealed that he had torn ligaments, a ruptured patellar tendon, and various associated soft tissue injuries. (Id. at ¶ 16). The physician recommended surgical treatment. (Id.). The plaintiff did not receive such treatment while he was at the Carter County Detention Center. (Id. at ¶ 17).

He was transferred to the West Virginia South Central Regional Jail on November 16, 2005, where he remained for two weeks without receiving any medical attention. (Id. at ¶ 18). He was then moved by the Marshals Service to a Federal Detention Center in Oklahoma where he remained until January 24, 2006, at which time he was moved again to the Federal Corrections Institution in Elkton, Ohio, where he stayed until March 6, 2006. (Id. at ¶ 19). He did not receive medical attention for his knee at either institution. (Id.). It is not clear from the complaint where he went after he left Elkton, Ohio.

On April 25, 2006, the plaintiff was examined by an orthopedic physician who also recommended reconstructive surgery. (Id. at ¶ 20). He did not have the surgery, but rather, was given continual doses of IB Bufferin and Naproxen, which he claims has damaged his liver. (Id.). On June 22, 2006, he was transferred to the Federal Medical Center in Lexington, Kentucky. (Id. at ¶ 21). On July 21, 2006, the plaintiff was examined by a third orthopedic physician, who opined that his chances of having a successful surgery had been significantly reduced by the delay in providing him with appropriate treatment. (Id.). The plaintiff remained untreated until October 6, 2006, when he was admitted to a hospital for knee surgery. (Id. at ¶ 22).

The plaintiff instituted this action in federal court by letter-form complaint on December 5, 2005. He filed an amended complaint on June 18, 2007, and a second amended complaint on July 6, 2007. The action was stayed on September 28, 2007, pending the appearance of new counsel for the plaintiff. The court reopened the action on November 19, 2008. With the help of counsel, the plaintiff sought leave to file a third amended complaint, and the court granted the plaintiff's motion on January 8, 2009. The third amended complaint was filed that same date, alleging claims of negligence and deliberate indifference to medical needs against each of the defendants.

The third amended complaint is the subject of the defendants' motions to dismiss. The United States moves for dismissal of the plaintiff's deliberate indifference claim against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that the court is without subject matter jurisdiction because the United States has not waived its sovereign immunity for constitutional torts, such as deliberate indifference. (U.S. Mot. to Dismiss at 2 ("The[] constitutional claims are the subject of the United States' Motion to Dismiss.")). The Authority seeks to be dismissed from this action pursuant to Rule 12(b)(6) on the grounds that (1) it is entitled to Eleventh Amendment immunity, (2) it is not a "person"

within the meaning of section 1983, and (3) the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e.

## II. Standard of Review

A motion made pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject of the parties' dispute. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorised by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir 1968). A party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In Adams v. Bain, 697 F.2d 1213 (4th Cir. 1982), the Fourth Circuit discussed two different methods for pursuing a Rule 12(b)(1) challenge:

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

Adams, 697 F.2d at 1219 (footnote omitted). The first option is

the most analogous one for present purposes. In such a situation, the facts alleged by plaintiff are assumed to be true, giving him the same procedural protection as he would be accorded by Rule 12(b)(6). Id.

Rule 12(b)(6) permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

### III. The United States of America

The United States moves for dismissal of the plaintiff's deliberate indifference claim on the ground that the

6

United States has not waived its sovereign immunity. Plaintiff cannot state a claim against the United States based upon Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the United States Supreme Court implied a cause of action directly under the Constitution for damages against federal officers. Bivens, 403 U.S. at 397. The Court has since then limited the Bivens action to claims against federal officials. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).

As correctly noted by the United States, the decision in Meyer also makes clear that the United States has not waived its sovereign immunity under the Federal Tort Claims Act for claims of a federal constitutional dimension. See, e.g., Meyer, 510 U.S. at 478 ("To use the terminology of Richards[v. United States, 369 U.S. 1, 7-8 (1962)], the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001) ("Williams also contends that the FTCA waives federal immunity for her Bivens claim. . . . The Supreme Court's holding in FDIC v. Meyer, . . . explicitly forecloses Williams' argument.").

Thus, the plaintiff's deliberate indifference claim against the United States must be dismissed.

IV. The Authority

The Authority moves for dismissal of the complaint on the grounds that it is entitled to Eleventh Amendment immunity.[1] It is well established that the Eleventh Amendment bars suit in federal court by an individual citizen against a sovereign state for money damages. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Inasmuch as the plaintiff seeks only money damages in this action and the Authority is a state agency functioning as an "arm of the state," it enjoys Eleventh Amendment immunity. <u>Roach v. West Virginia Reg'l Jail & Correctional Facility Auth.</u>, 74 F.3d 46, 48 (4th Cir. 1998). Accordingly, the plaintiff's claims against the Authority must be dismissed.

---

[1] The Authority also moves for dismissal on the ground that it is not a "person" within the meaning of section 1983, and on the further ground that the plaintiff has failed to properly exhaust his administrative remedies as required by the Prison Litigation and Reform Act of 1995. Inasmuch as the court concludes that the Authority is entitled to immunity, the court need not address these additional arguments.

8

## V. Conclusion

Based upon the foregoing, it is ORDERED that the United States's motion to dismiss the plaintiff's deliberate indifference claim be, and it hereby is, granted. It is further ORDERED that the Authority's motion to dismiss be, and it hereby is, granted, and the Authority is, accordingly, ORDERED dismissed from this action.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: April 2, 2009

_____
John T. Copenhaver, Jr.
United States District Judge